**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| **INGRID VANESSA ZETINO JACO,** | * | |
| | * | |
| **Petitioner,** | * | |
| | * | **Civ. No.: MJM-26-694** |
| v. | * | |
| | * | |
| **KRISTI NOEM, *et al.*,** | * | |
| | * | |
| **Respondents.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \*

**ORDER**

Petitioner Ingrid Vanessa Zetino Jaco ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on February 29, 2026. ECF No. 1. Petitioner alleges, inter alia, that (1) she is a citizen and national of El Salvador who has been present in the United States without inspection since October 2023; (2) she has resided in Maryland with relatives, including children, who rely upon Petitioner for financial and emotional support; and (3) U.S. Immigration & Customs Enforcement ("ICE") detained Petitioner during a routine check-in on February 13, 2026, and maintained custody of her in a holding room in Baltimore, Maryland, as of the date the petition was filed. ECF No. 1 at 10–12. The petition asserts that Petitioner's detention by ICE violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment. *Id.* at 12–13. He seeks immediate release from custody or, alternatively, a bond hearing, among other forms of relief. *Id.* at 13.

On February 27, 2026, the parties filed a joint notice in which Respondents submit that "the factual and legal issues presented in the instant habeas petition regarding which statute governs Petitioner's detention (8 U.S.C. § 1225 or 8 U.S.C. § 1226) have been fully briefed by Respondents and do not differ in any material fashion from the issues presented in" several habeas

cases filed in this District since last year. ECF No. 5. The respondents in each of the cited cases contested this Court's jurisdiction and/or otherwise argued that the petitioner was not entitled to relief. In each case, the Court rejected the respondents' jurisdictional arguments, found jurisdiction, and granted relief upon finding that the petitioner was entitled to a bond hearing.

I conclude from the parties' joint notice that there is no dispute Petitioner in the instant case has been living in the United States for several years and she was recently detained by ICE without a bond hearing. Based on these facts, this Court finds that it has subject-matter jurisdiction over the petition under 28 U.S.C. §§ 1331 and 2241, and further finds that Petitioner is detained pursuant to 8 U.S.C. § 1226(a) and is entitled to a bond hearing.

Accordingly, it is by the United States District Court for the District of Maryland, hereby ORDERED that:

1.  The petition for a writ of habeas corpus is GRANTED;

2.  As a noncitizen who has been arrested and detained pending a decision on whether she is to be removed from the United States pursuant to 8 U.S.C. § 1226(a), Petitioner is entitled to, and shall request, a bond hearing pursuant to the regulations provided at 8 C.F.R. §§ 236.1(d), 1003.19 & 1236.1(d);

3.  The bond hearing shall occur within fourteen (14) days of Petitioner's request and shall be conducted pursuant to 8 U.S.C. § 1226(a) in an immigration court with jurisdiction and administrative control over Petitioner's detention;

4.  Reasonable conditions of release may be imposed if bond is granted and Petitioner is released;

5.  If Petitioner does not receive a bond hearing within fourteen (14) days of her request, she shall be released, subject to reasonable conditions, including the requirement that

she appear at a bond hearing before an immigration court with jurisdiction and administrative control over Petitioner's detention;

6. This Court shall retain jurisdiction of this matter to enforce compliance with this Order;

7. The parties shall file a joint status report no later than **March 23, 2026.**

It is so ORDERED this 2nd day of March, 2026.

Matthew J. Maddox
United States District Judge